LUCY SCANLON, Widow, *vs.* BALTIMORE AND PHILADELPHIA RAILROAD COMPANY, a corporation of the State of Delaware.

RAILROADS—INJURIES TO PERSONS RIGHTFULLY ON PREMISES—NEGLIGENCE —DECLARATION.

A declaration in an action against a railroad company, which alleges that plaintiff's decedent was rightfully on the premises of the company, thereby imposing on it the duty to exercise reasonable care in the movement of its trains, and that it negligently ran a freight train into a station and along the side of a passenger train, without giving any warning of its movements, and while the passenger train was stopped, states a cause of action as against a demurrer based on failure to give warning.

(*March* 25, 1911.)

Judges CONRAD and WOOLLEY sitting.

*J. Harvey Whiteman* for plaintiff.

*Andrew E. Sanborn* and *John W. Huxley, Jr.*, for defendant.

Superior Court, New Castle County, March Term, 1911.

ACTION ON THE CASE (No. 118, September Term, 1910) for damages alleged to have resulted from the negligence of the defendant company.

Demurrer to a count in the declaration overruled.

CONRAD, J., delivering the opinion of the court:

The court, after argument and full consideration, is satisfied that the eighth count of plaintiff's declaration is sufficient in law in that it alleges that the plaintiff was rightfully on the premises of the defendant, whereby the duty arose upon the part of the defendant to exercise reasonable and proper care in the movement and management of its trains, and the allegation of negligence is sufficiently charged in the words used, viz.: "Carelessly and negligently ran one of its freight trains into the said Delaware Avenue station, and along the side of the said mail and passenger train of the defendant, without giving any warning regarding its movements, and while the said passenger train was stopped," etc.

The averment of no warning being given was vital, and without such an averment another question would be presented.

In the case of *MacFeat's Administrators v. P., W. & B. R. R. Co.*, (decided by this court in 1904) 5 *Penn.* 66, 62 *Atl.* 906, the law governing the giving of warning was laid down in the following language: "It is the duty of a railroad company to give timely and sufficient warning by bell, whistle or otherwise, of the approach of trains, and to run its trains at a rate of speed proper and reasonable under the circumstances, and if the defendant failed to make use of such usual and appropriate means to warn the deceased at the time and place of the accident, it would be negligence on its part."

The demurrer is overruled.